IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Steven Fletcher, | : | |
| | : | Case No. 1:15-cv-491 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Awarding Costs |
| U.S. Renal Care, Inc., | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion to Review the Clerk's Taxation of Costs (Doc. 58). On March 2, 2017, the Court granted summary judgment to Defendant in this race discrimination and retaliation Title VII case. (Doc. 40.) Thereafter, Plaintiff timely appealed, and Defendant filed a Bill of Costs. (Docs. 42, 43.) This Court stayed the costs issue until after resolution of the appeal. (Doc. 46.) The Sixth Circuit affirmed the grant of summary judgment to Defendant on September 28, 2017, but did not award costs in the Mandate. (Docs. 50, 51.) On December 12, 2017, following briefing, the Clerk of Courts awarded costs to Defendant in the amount of $1,865.35 for depositions of Steven Fletcher and Devon Nelson, R.N. (Doc. 55 at PageID 707.) Plaintiff now seeks the Court to reverse the Clerk's decision to award these costs. For the reasons that follow, the Court will award Defendant costs in the amount of $1,574.85.

**I.**

28 U.S.C. § 1920 authorizes the taxation of costs as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

1

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Additionally, Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a presumption of awarding costs allowed by § 1920 "unless it would be inequitable under the totality of the circumstances to put the burden of such costs on the losing party." *Rosser v. Piperfitters Union Loc. 392*, 885 F. Supp. 1068, 1071 (S.D. Ohio 1995); *see also White & White, Inc. v. Amer. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (stating there is a presumption in favor of awarding costs, but that costs can be denied in the discretion of the court).

Plaintiff requests the Court exercise discretion to deny costs in this case both because he proceeded in good faith and because awarding costs might have a chilling effect on other civil rights cases. The Court is not persuaded to deny costs to Defendant altogether. Although plaintiff's good faith is relevant, it is not a sufficient justification, standing alone, to deny costs. *White & White*, 786 F.2d at 730. Additionally, whether the award of costs would have a chilling effect on other litigants is relevant, *see Rosser*, 885 F. Supp. at 1072, but Plaintiff has not established that an award of costs in this case would have such an effect. Plaintiff did not raise a novel legal issue, his case was not particularly strong, and, even if he had prevailed, his victory would not have benefitted a larger class of workers or the public in any particularized manner.

*See id.* (setting forth relevant factors, including whether the case was close, whether the public benefitted from the case, and whether the case caused the defendant to reform its practices).

Nonetheless, the Court will not award Defendant the full costs it seeks. The Clerk awarded costs in the amount of $290.50 for the deposition of Nelson, Defendant's employee. Plaintiff's attorney conducted the deposition of Nelson and filed the transcript with the Court to support its opposition to Defendant's summary judgment motion. (Doc. 37.) Defendant relied upon a written declaration by Nelson, not her deposition, to support its summary judgment motion. (Docs. 22, 22-2.) It would be inequitable in these circumstances to tax Plaintiff for the costs of Nelson's deposition.

## II.

Accordingly, for the reasons stated above, the Court will **GRANT IN PART AND DENY IN PART** Plaintiff's Motion to Review the Clerk's Taxation of Costs (Doc. 58). The Court will award Defendant costs in the amount of $1,574.85.

**IT IS SO ORDERED.**

Dated this 26th day of February, 2018.

BY THE COURT:

S/Susan J. Dlott_____
Susan J. Dlott
United States District Judge